**B. F. GOODRICH d.b.a. GOODRICH-SILVERTOWN STORES v NATIONAL GUARANTEE & FINANCE CO.**

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3122.   Decided Sept. 25, 1940.

McGhee, Rowe & Evans, Columbus, for defendant-appellant.

Vorys, Sater, Seymour & Pease, Columbus, for plaintiff-appellee.

## OPINION

By BARNES, J.

The above entitled cause is now being determined as an error proceeding by reason of defendant's appeal from the judgment of the Court of Common Pleas of Franklin County, Ohio, affirming the judgment of the Municipal Court of Columbus, Ohio.

In both courts the case was tried on an agreed statement of facts, a jury being expressly waived.

The action is one in conversion for the value of three automobile tires, one automobile battery and an automobile accessory light known as a speed lite.

From the pleadings and agreed statement of facts, it appears that on the 15th day of March, 1937, Carl G. Sniff, Inc., sold a 1934 Stewart truck to W. F. Walpole and Mary Walpole, taking back a note for $544.00 as the balance due on the purchase price of said truck and a chattel mortgage securing said note; that on the same day the note and mortgage were sold and assigned to the defendant, The National Guarantee & Finance Company; said mortgage was duly recorded in Franklin County, Ohio, the place of residence of the Walpoles, a true and certified copy of said chattel mortgage being attached and marked Exhibit 1 and made a part of the stipulations; that at the time said truck was sold to Walpole it was in running condition and fully equipped with tires and battery.

On August 28, 1937, the defendant, The National Guarantee & Finance Company, repossessed said truck because of nonpayment of the mortgage note.

On May 8, 1937, the plaintiff sold to W. J. Walpole one Kathanode battery No. 613-LTK, and one Tripp speed lite, for the sum of $29.47, the said W. J. Walpole executing and delivering to the plaintiff company a contract, marked Exhibit A and attached to the stipulations.   The contract purported to be a conditional sales contract, and was filed with the Recorder of Franklin County on the 19th day of May,

1937. On July 24, 1937, the plaintiff company sold to W. J. Walpole two used tires, designated as firsts, 42x6, heavy duty, 10 ply, Universal, new repaired tires, and one 32x6 Goodrich Silvertown tube, for $99.43, under a purported conditional sales contract, marked Plaintiff's Exhibit B, which was filed for record in the Franklin County Recorder's office on July 27, 1937.

Said tires, battery and speed lite were all on said truck when the same was repossessed by the defendant company, and the plaintiff company made a demand on the defendant company for return of said chattels on or about September 7, 1937, which demand was refused; the reasonable and agreed value of said property at the time of the Finance Company's taking possession of same was, battery, $15.00, light, $5.00, and the tires, $65.00. Through the stipulation it was agreed that the said chattel property sold by the plaintiff company to Walpole was all removable chattels. It is further stipulated that no question is raised as to the formality or execution and filing of either or any of the instruments.

Following the agreed statement of facts as dictated into the record, counsel for both plaintiff and defendant interposed motion for finding and judgment, a jury having been waived, and the cause submitted to the court. The trial court overruled defendant's motion and sustained plaintiff's motion, rendering judgment for the sum of $85.00 and costs in favor of the plaintiff and against the defendant.

Motion for new trial was duly filed, overruled and final judgment entered in accordance with the court's finding.

Within statutory time defendant gave notice of appeal on questions of law.

Defendant's assignments of errors are very general and two in number, as follows:

1. The judgment of the trial court is not sustained by sufficient evidence and is contrary to law.

2. The judgment of the trial court should have been for the appellant.

In the brief of counsel for appellant it is urged that the record presents the following legal questions:

1. Can a vendor of tires, battery and speed lite under a conditional sales contract, which articles are attached to a certain automobile, also take back a chattel mortgage on the same automobile upon which the tires, battery and speed lite are attached, without impairing his conditional sales contract?

2. Did not the conditional sales contract become void when the chattel mortgage was made a part thereof and executed at the same time, which mortgage contained clauses in violation of §8570?

3. Do tires, battery and speed lite attached to an automobile become a part of an automobile and inure to the benefit of the mortgagee who holds the mortgage on such automobile?

Specifications 1 and 2 raise questions as to the sufficiency of plaintiff's Exhibits A and B as conditional sales contracts, it being the claim of appellant that there are infirmities in said Exhibits A and B which prevent appellee from asserting any lien on the property claimed.

In determining these questions it is necessary to consider the language of Exhibits A and B in addition to the agreed statement of facts heretofore referred to.

Both Exhibits A and B are executed on printed forms prepared by the plaintiff company. The top half of the printed forms is filled out in what purports to be the conditional sales contract and signed by W. J. Walpole. The lower half of the form is filled out and purports to have been given as a further consideration and "as an inducement to the said Goodrich Silvertown Stores of the B. F. Goodrich Company to make the foregoing contract of sale". Under its language it is a chattel mortgage executed by W. J. Walpole on a Stewart motor vehicle "together with all equipment, attachments, tires, accessories and repairs placed upon said motor vehicle except such merchandise upon which the mortgagee may hold unsatisfied title retaining contracts."

It must be kept in mind that the chattel mortgage is on the automobile,

together with the equipment, attachments, tires, accessories and repairs, **except such merchandise upon which the mortgagee may hold unsatisfied title retaining contracts.** (Emphasis ours). It thereby appears that the appellee was specifically excepting from its chattel mortgage the articles of personal property which it had sold to Walpole under his claimed conditional sales contract.

Counsel for appellant cite numerous cases, both from Ohio and other jurisdictions, wherein the law is announced that where the property is sold under what purports to be a conditional sales contract and a chattel mortgage is taken on the same property, the latter instrument vitiates the purported conditional sales contract. This holding is based on the question of conflict of title. Under a conditional sales contract the title remains in the seller until conditional sales terms are complied with; whereas under a chattel mortgage the title to the property must be in the mortgagor in order to authorize the giving of the chattel mortgage.

Conditional sales contracts are not favored, and hence where these two conflicting conditions are presented the Court will favor the passing of title rather than its retaining by the seller. In some of the cases we find that the courts have based their conclusions on the fact that the parties have agreed to the chattel mortgage where the title passes. The facts in the instant case are clearly distinguishable from the cases referred to in appellant's brief. The chattel mortgage not being given on the property purported to be sold under conditional sale, the reason for the rule announced in instances where the subject under the purported conditional sales contract and the mortgage is the same, are not present, hence the rule would not apply.

No cases are cited where the facts are similar to those in the instant case.

We can see no reason why the seller of property under a conditional sales contract may not take a chattel mortgage on other property as a further consideration and as an inducement to make a conditional sales contract.

Under Specification No. 2 it is urged that the purported conditional sales contract, in connection with the chattel mortgage, is violative of the provisions of §§8568 **and 8570 GC.** We are unable to so conclude.

As between the parties §8568 merely provides that property may be sold in installments to another with the provisions that title is to remain in the vendor until the conditions of sale are complied with. The section makes the further provision that such stipulations are void as to others unless the contract is in writing, properly verified and deposited with the County Recorder.

**Sec. 8579 GC,** provides that the seller may not take possession of such property without tendering or refunding to the purchaser the mony that has been paid on the installments, after deducting therefrom a reasonable compensation for the use of such property, which in no case shall exceed 50% of the amount so paid, anything in contract to the contrary notwithstanding, unless such property has been broken or actually damaged, when a reasonable compensation for such breakage or damage shall be allowed. This section also provides that the seller shall not be required to tender or refund any part of the amount unless it exceeds 25% of the contract price of the property.

We find nothing under Exhibits A and B inconsistent with this provision.

Appellant cites the case of **Croneis Bros. v The Toledo Computing Scale Company, 89 Oh St 168.** The syllabus reads as follows:

"Where notes are executed and delivered contemporaneously with the execution and pursuant to the terms of a contract for the conditional sale of personal property, which contains provisions in contravension of §4155-1, et seq., **Revised Statutes,** the payee of the notes can not maintain an action

thereon in the absence of conduct on the part of the maker amounting to a waiver of his right to defend against them."

Sec. 4155-1 R. S., corresponds to the present §§8568 et seq.

In the reported case the Supreme Court determined that certain provisions of the purported sales contract were in contravention of §4155-1 et seq R. S. The purchaser, while signing the contract, refused to receive the goods, and thereafter the seller brought action against him on the installment notes. The Supreme Court determined that the purported conditional sales contract being in contravention of pertinent provisions of the statute, would not authorize the recovery in the absence of conduct on the part of the maker amounting to a waiver of his right to defend.

It at once appears that conditions would have been quite different had the purchaser received and kept the property and refused to pay. Such conduct on the part of the purchaser would have been a waiver of his right to defend, although under the language of the statute he still could have insisted on a refund less reasonable compensation for use and so forth. Sec. 8579 expressly provides that such right is guaranteed to the vendee "whether such conditions be embraced in the contract or not."

In the instant case no question of any part of the payment is raised, hence no question of refund is involved.

The question raised under Specification 2 is not well taken.

Under Specification No. 3 counsel, through their briefs, make extended arguments, citing many authorities. Since the preparation of the original briefs the Supreme Court of Ohio, in the case of The Goodrich Silvertown Stores of The B. F. Goodrich Co. v The F. M. Rugg Motor Sales Company, 137 Oh St 66 (Ohio Bar, June 10, 1940), has decided the question under a state of facts almost identical with those of the instant case. The syllabus reads as follows:

"The vendor of tires and tubes, who reserves title thereto under a valid conditional sale contract duly deposited with the county recorder in accordance with §§8568 GC (amended as to motor vehicles, §6290-9 GC, effective January 1, 1938), and places the goods so sold upon the vendee's automobile on which there is a prior chattel mortgage, may maintain an action for conversion against the mortgagee who, asserting a lien under such mortgage, takes possession of the automobile with the tires and tubes thereon and subjects the whole to the payment of the mortgage indebtedness."

In addition to the syllabus the opinion by Williams, J., will be found interesting.

Finding, as we do, that this case is determinative of the question raised under Specification 3, we deem it unnecessary to make any further comment.

The judgment of the trial court will be affirmed and costs adjudged against the appellant.

Exceptions will be allowed.

HORNBECK, PJ. & GEIGER, J., concur.